# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**TYLER SMITH**

     Plaintiff,

                                       Case No.
                                       Hon.

V.

**CITY OF WESTLAND, a municipal corporation;**
**WESTLAND POLICE DEPARTMENT;**
**STATE OF MICHIGAN, DEPARTMENT OF STATE**
**POLICE("Michigan State Police")**
**OFFICER JOHN DOE**
**OFFICER JOHN DOE**
**OFFICER JOHN DOE**
**OFFICER JOHN DOE**
**OFFICER JOHN DOE**
**Individually and in their official capacities**
**jointly and Severally,**

     Defendants,

JAMES MAKOWSKI Co-Counsel (P62115)
Kama Patel Co-Counsel (P62237)
Attorneys for Plaintiffs
Northville, MI 48168
734-377-6233
Kama.anaadhi@gmail.com

## VERIFIED COMPLAINT AND JURY DEMAND REQUEST FOR SUMMONS

There is no other civil action between these parties arising out of the
same transaction or occurrence as alleged in this complaint pending in
Court, nor has any such action been previously filed and dismissed or
transferred after having been assigned to a judge, nor do I know of
any other civil action, not between these parties, arising out of the
same transaction or occurrence as alleged in this complaint that is either
pending or was previously filed and dismissed, transferred, or otherwise
disposed of after having been assigned to a judge in this court.

**James Makowski, Esq., Of-Counsel**

1

COMES NOW Plaintiff, **TYLER SMITH,** by and through his respective attorneys, JAMES MAKOWSKI Of Counsel, and for his Complaint against the above-named Defendants states as follows:

## <u>PARTIES</u>

1.      Plaintiff Tyler Smith ("Plaintiff") is a resident of the City of Westland, Wayne County, Michigan.

2.      Defendant State of Michigan, Department of State Police is a government agency that conducts business throughout the State of Michigan.

3.      Defendant, City of Westland is a municipal corporation located in the County of Wayne, State of Michigan.

4.      Defendant Officers were at all relevant times, State of Michigan Police Officers, City of Westland Police Officers, agents and/or employed by the Defendant, City of Westland, acting under color of law and within the scope of their employment (hereinafter, "Defendants").

5.      That Defendants, are liable under state and/or federal law for all injuries proximately caused by the intentional, willful and wanton reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitution and laws of the United States and/or of the State of Michigan.

2

6.     The four Defendants John Doe ("Defendants Doe") are police officers/detectives, employed by the State of Michigan Department of State Police and Westland Police Department, with its principal place of business in the City of Westland, County of Wayne, State of Michigan.

7.     While Black Americans make up only 14% of the state's population, they accounted for a significant number of all traffic stops versus non-Black American traffic stops in 2021 and 2022 with exact percentages to be obtained through discovery for the City of Westland.

8.     In August, 2023 Westland's Chief of Police resigned after videos surfaced of him harassing American Citizens in Westland for no reason and there is no reason to harass a American Citizen, as Westland Police Department or any Officer is not Judge, Jury or Executioner.

9.     Notably, racially-motivated vehicular stops are not innocuous encounters. Rather, they are unconstitutional seizures that increase the potential for confrontation, police violence, fatality, unlawful arrest and compounding constitutional violations.

10.     As articulated in the special report Driving While Black: Racial Profiling on Our Nations' Highways, "Race-based traffic stops turn one of the most ordinary and quintessentially American activities into an experience fraught with danger and risk for people of color."

11.     Such fear and danger are fueled by pervasive reports of unlawful police brutality suffered by Black Americans in police encounters, such as the murder of George Floyd, the shooting death of Philando Castile during a traffic stop, the death of Eric Garner in a police chokehold and

the November 2020 mauling in which Michigan State Police Trooper unleashed his K-9 on a non-resisting Black man, allowing the dog to maul the man for four minutes before calling him off.

## JURISDICTION

12. This Court has Jurisdiction pursuant to Mich Const. Art 1, s11, MCL 440.2716, False Imprisonment, False Arrest, Trespass, Harassment, Intentional Infliction of Emotional Distress, and U.S. Const. Amend. IV, 42 USC s 1983, 28 USC s 1331, 28 USC s 1343(3) and (4), 28 USC s 1983, 28 USC s1367.

## VENUE

13. Venue is proper under 28 U.S.C. s1391(b)(1) and (2), this being a judicial district where the events giving rise to this action occurred.

## GENERAL ALLEGATIONS

14. Plaintiff incorporates and restates the preceding paragraphs as if more fully stated herein.

15. This matter arises out of violation of Plaintiff's rights on April 18, 2023.

16.     Plaintiff is a 26 year old Black American with severe physical disabilities that are completely apparent, with complete paralysis from the waist down, meaning, he cannot walk, move, or feel his legs and must be transported via wheelchair in any form of travel.

17.     On April 18, 2023 in Detroit, Michigan with approximate location to be divulged through ensuing Discovery at approximately 10:00pm in the later evening, Plaintiff was seated in the front passenger seat in a vehicle belonging to his mother that was properly insured and plated.

18.     The driver of the said vehicle was Plaintiff's partner at that time, Tatum Remilard and the vehicle had three Black American individuals in the back seat of the said vehicle, thus Plaintiff's allegation is the vehicle was racially profiled.

19.     The vehicle was stopped by Defendant Michigan State Police, although the driver, Ms. Remilard was not speeding, did not go through any stop signs and she was not cited for anything except driving on a suspended license. Ms. Remilard is white and was let go without incident at the scene.

20.     The front passenger was Plaintiff Tyler Smith with three other Black Americans in the rear seats. Pla

21.     Defendant Doe stated that Plaintiff was stopped due to his not having his seatbelt enabled, however in accordance with the Michigan Supreme Court decision of State of Michigan v. Mead and the U.S. Supreme Court decision of Terry v. Ohio and according to well established Michigan State Law, a Police Officer cannot stop a vehicle for merely not having a seatbelt not

enabled and Plaintiff had unbelted his seatbelt to switch into a more comfortable position, as he is paralyzed and regularly has to switch positions as he suffers from bedsores when left in a position for more than thirty minutes at a time.

22.     There was no reasonable suspicion or probable cause to stop the said vehicle, however when stopped, Plaintiff was asked for his identification, which he did not give immediately, as in accordance with Michigan State Law, Michigan Supreme Court Orders and U.S. Supreme Court decision, the passenger of a vehicle when stopped can refuse to give identification to a police officer where reasonable suspicion that the passenger was engaged in criminal activity was not present. This is firmly established law in the State of Michigan.

23.     The State Police Officer Doe, without Plaintiff's consent, reasonable suspicion or probable cause, searched Plaintiff's bag that was in his personal possession as well as his person and found his identification. Upon information and belief, an illegal search without reasonable suspicion was committed on Plaintiff showed, wherein two arrest warrants were found against Plaintiff, both of which were dropped soon thereafter.

24.     Westland Police Officers Doe arrived and, while laughing, dragged Plaintiff out of the vehicle, with his legs and feet flailing, then across the ground into a squad car that was ill-equipped to handle a person with physical disabilities.

25.     Prior to the incident Plaintiff had suffered a burn to his thigh. The wound was properly bandaged, until he was dragged across the ground by Police Officer Doe and the wound was opened up as a result of being dragged.

26.     While in the squad car on their way to Westland Police Department, Plaintiff stated several times that his wound was open and he was in severe pain, while the Officers Doe laughed, chided with racial slurs and attempted to escalate rather than de-escalate the current situation, which in accordance to State and local police procedures they are required to do.

27.     While at the Westland Police Department jail cell, the wound was clearly irritated, yet Plaintiff was left in a cold jail cell, without a blanket and without a commode or a new catheter.

28.     When it was apparent that Plaintiff appeared feverish and in dire pain, moaning, he was brought to an Urgent Care facility in Westland.

29.     While at the facility, Plaintiff was seen by Medical Doctors who diagnosed him with a third degree burn, irritated and opened up to bacterial infection by the abhorrent actions of Officers Doe.

30.     Officers Doe were firmly advised by the attending physician that Plaintiff required immediate hospitalization, instead Plaintiff was brought back to Westland Police Department Jail, left in a wheelchair upright the entire night, without antibiotics or further bandages of the wound, without his medications for his physical disabilities, without a new catheter and without a commode.

31.     Plaintiff was left upright in a wheelchair the entire night with no blanket and in his own urine and was not allowed to shower or be wiped down prior to driving Plaintiff in a vehicle that

was not authorized for use for the physically disabled in accordance with Defendant's own Police Department rules and procedures.

32.     Plaintiff suffered and continues to suffer severe physical and emotional pain and mental distress from the unjustified use of force, unlawful search, imprisonment and humiliation.

33.     Defendants' misconduct has caused Plaintiff to suffer severe emotional harm, as well as financial and physical damages.

34.     These damages stem directly from being racially profiled and illegally stopped by Michigan State Police.

35.     In addition, Plaintiff has suffered economic damages, non-economic damages, PTSD, intense trauma, embarrassment, humiliation, mental distress, continuing physical trauma, loss of his civil liberties and severe emotional stress amongst other damages.

36.     The racial targeting of Plaintiff did not occur in a vacuum and it was not an isolated, unique event, it was racial profiling

37.     Plaintiff seeks damages in excess of $75,000 and/or equitable relief and this cause is otherwise within the jurisdiction and venue of this Court.

## COUNT I: 42 U.S.C. s.1983 EXCESSIVE FORCE

38.   Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39.   As more fully described in the preceding paragraphs and through Discovery, the intentional misconduct of Defendant Officer Doe toward Plaintiff was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment of the United States Constitution.

40.   Upon information and belief, Defendant Officers were aware of the misconduct of their fellow officers with respect to Plaintiff, had a reasonable opportunity to intervene to prevent it, but failed to do so.

41.   As a direct and proximate result of Defendant Officers use of excessive force, Plaintiff suffered pain and injuries not limited to emotional injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs, Discovery and which will be proven at trial.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

    A.    Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

    B.    Compensatory damages against all defendants to which Plaintiff is entitled;

C.      Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.      An award of interest, costs and reasonable Attorney fees;

E.      And such other relief as this Honorable Court deems proper and just.

### COUNT II: 42 U.S.C. s. 1983 FAILURE TO INTERVENE

42.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43.     Police Officers have an obligation to protect citizens from constitutional violations by other fellow officers and any other individual that a fellow officer directs to violate a constitutional right. Therefore, an officer who witnesses other officers violating an individual's constitutional rights is liable to the victim for failing to intervene.

44.     Defendant Officers had a duty to intervene when witnessing Plaintiff being unlawfully assaulted and searched by Defendant Officers. Defendant Officers either partook in the unlawful assault and/or search and/or failed to intervene in order to protect Plaintiff from the violation of his civil rights.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.      Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.      Compensatory damages against all defendants to which Plaintiff is entitled;

10

C.      Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.      An award of interest, costs and reasonable Attorney fees;

E.      And such other relief as this Honorable Court deems proper and just.

45.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

## COUNT III

### (42 U.S.C. s. 1983 Violation of the Fourth and Fourteenth Amendments Unlawful Search and Seizure)

46.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47.     As stated an incorporated herein via the General Allegations, Defendants' deprived Plaintiff of his federal constitutional and/or statutory rights by custodially detaining Plaintiff, not allowing him to leave, which in its essence is an arrest and a deprivation of his federal rights, property interests and otherwise subjected Plaintiff to the criminal process, following and stopping Plaintiff simply for being in the area and for being a Black American person.

48.     Defendants also lacked any probable cause to believe Plaintiff committed a traffic violation and there was no basis for a traffic stop.

49.     Defendants lacked any reasonable suspicion that Plaintiff was engaged in or were about to become engaged in the commission of a felony or misdemeanor and there was no basis for a traffic stop.

50.     The detention of Plaintiff for any period of time was not reasonably required and was therefore unlawful.

51.     The detention of Plaintiff, along with the unwarranted search of Plaintiff's vehicle and personal items were unreasonable under the prevailing circumstances and thus violated Plaintiff's right not to be subjected to unreasonable search and seizure guaranteed by the Fourth Amendment of the United States Constitution.

52.     As a direct and proximate result of Defendants actions in violation of 42 USC s 1983, Plaintiff has sustained injuries and damages as outlined in this Complaint.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.      Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.      Compensatory damages against all defendants to which Plaintiff is entitled;

C.      Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.      An award of interest, costs and reasonable Attorney fees;

E.      And such other relief as this Honorable Court deems proper and just.

## COUNT IV

## MONELL CLAIM AGAINST

### City of Westland and Westland Police Department

53.     Plaintiff Incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

54.     Plaintiff has been subjected to a deprivation of clearly established constitutionally protected rights and privileges secured by the Constitution of the United States, including:

      A.     His Fourteenth Amendment rights as described above; and

      B.     His Fourth Amendment rights as described above.

55.     The foregoing rights were clearly established at the time of the violations.

56.     The deprivations were caused by the customs, policies and established practices of the Westland Police Department acting under color of its statutory and legal authority, including without limitation:

      A.     Failing to train the Westland Police Department officers regarding how to properly investigate a crime and ensure there proper evidentiary support stopping, detaining, arresting and assaulting Plaintiff.

B.    Failing to train the Westland Police Department Officers regarding how to properly humanely deal with a person with physical disabilities.

57.    Defendant Doe was a state actor acting under color of law.

58.    The foregoing violations caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological and physical damages and emotional distress.

59.    Plaintiffs' federal constitutional claims are cognizable under 42 U.S.C. 1983.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.    Actual Damages against all defendants in whatever amount above $75,000 That Plaintiff is entitled ;

B.    Compensatory damages against all defendants to which Plaintiff is entitled;

C.    Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.    An award of interest, costs and reasonable Attorney fees;

E.    And such other relief as this Honorable Court deems proper and just.

## COUNT V: U.S.C. s. 1983 CONSPIRACY

60.    Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

61.    Defendant Officers impliedly or expressly conspired and agreed to violate Plaintiff's Constitutional rights and to cover up their own and each others' misconduct, acting in furtherance of this conspiracy as more fully described above.

62.    As a direct and proximate result of Defendant Officers' conspiracy, Plaintiff suffered pain and injuries not limited to emotional and physical injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in the preceding paragraphs and which will be proven through discovery and trial by jury.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

      A.    Actual Damages against all defendants in whatever amount above $75,000 That Plaintiff is entitled ;

      B.    Compensatory damages against all defendants to which Plaintiff is entitled;

      C.    Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

      D.    An award of interest, costs and reasonable Attorney fees;

      E.    And such other relief as this Honorable Court deems proper and just.

## COUNT VI

### (Violation of 42 U.S.C. s. 1983 Violation of the

### Fourteenth Amendment Equal Protection

63.　Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

64.　A traffic stop by a law enforcement officer must be based on observed conduct that gives the officer probable cause to believe there has been violation of a traffic law or regulation; or reasonable suspicion to believe other criminal activity is afoot.

65.　Plaintiff neither violated laws nor engaged in conduct giving rise to reasonable suspicion or probable cause at the time they were stopped by Defendants.

66.　Plaintiff is Black American and Black Americans factually have been subjected to a stop, seizure and search based on their racial identity as has Plaintiff, being Black American.

67.　Defendants' actions were motivated by suspect motive or intent and/or involved reckless or callous indifference to the Plaintiff's rights. Specifically, Defendants willfully and/or maliciously engaged in unconstitutional racial profiling.

68.　The effect of Defendants' actions was racial discrimination against Plaintiff in that drivers and/or passengers of other races who, like Plaintiff was lawfully a passenger or operating their motor vehicles, were not stopped and detained in the same way and for the same reasons as Plaintiff.

16

69.    Defendants' actions and/or omissions approximately caused his injuries.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.    Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.    Compensatory damages against all defendants to which Plaintiff is entitled;

C.    Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.    An award of interest, costs and reasonable Attorney fees;

E.    And such other relief as this Honorable Court deems proper and just.

## COUNT VII: U.S.C. s.1983 MUNICIPAL/SUPERVISORY LIABILITY: DEFENDANT CITY OF WESTLAND AND DEFENDANT OFFICER LIEUTENANT DOE

70.    Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

71.    Defendant Officer Lt. Doe was the supervising officer of Defendant Officers Doe and fully participated in the unlawful search as described above in all of the preceding paragraphs.

72.    Defendant Officer Lt. Doe and the Defendant City of Westland acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in violations to Plaintiff.

73.    These customs, policies, and/or practices included but were not limited to the following:

A.    Failing to supervise officers to prevent violations of citizens' constitutional rights;

B.    Failing to adequately train and/or supervise officers regarding the proper use of force;

74.    The misconduct described in preceding paragraphs has become a widespread practice and so well settled as to constitute de facto policy in the City of Westland Police Department. This policy was able to exist and thrive because governmental policymakers have exhibited deliberate indifference to the problem thereby ratifying it.

75.    The widespread practice described in preceding paragraphs was allowed to flourish because Defendant City of Westland has declined to implement sufficient hiring, training and/or legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

76.    The policies and practices of Defendant City of Westland directly and proximately led to the injuries Plaintiff suffered at the hands of Defendant Officers and Unknown Defendant Officers.

77.     As a direct and proximate of said Constitutional Violations Plaintiff suffered loss of freedom, mental anguish, pain and suffering, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

> A.     Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;
>
> B.     Compensatory damages against all defendants to which Plaintiff is entitled;
>
> C.     Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;
>
> D.     An award of interest, costs and reasonable Attorney fees;
>
> E.     And such other relief as this Honorable Court deems proper and just.

## COUNT VIII: STATE LAW ASSAULT AND BATTERY

78.     Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

79.     Defendant Officers, while acting within the scope of their employment did threaten and/or cause Plaintiff to be threatened with involuntary, unnecessary and excessive physical contact as described above and said acts constituting assault and battery upon his person.

80.     Said physical contact and/or threat of contact was unnecessary and excessive; furthermore, said physical contact no Plaintiff was without legal justification.

81.     As a direct and proximate result of Defendant Officers' aforementioned assault and/or battery upon Plaintiff and/or the failure to stop the unnecessary threat and/or use of force, Plaintiff suffered pain and injuries not limited to emotional and physical injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven through Discovery and through a trial by Jury.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.     Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.     Compensatory damages against all defendants to which Plaintiff is entitled;

C.     Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.     An award of interest, costs and reasonable Attorney fees;

E.     And such other relief as this Honorable Court deems proper and just.

## COUNT IX

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

82.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

83.     Defendants and others, engaged in extreme and outrageous conduct by subjecting the Plaintiff to the criminal process without proper proof and without performing a thorough investigation before making false statements to the Plaintiff and to dispatch initially.

84.     The extreme and outrageous conduct by Defendants Doe and others as herein alleged, was intentional, and caused the Plaintiff to suffer severe emotional distress.

85.     As a direct and proximate consequence of this extreme and outrageous conduct, Plaintiff suffered severe emotional distress and emotional and physical injuries.

86.     As a direct and proximate consequence of Defendants actions, Plaintiff suffered damages including but not limited to, physical and emotional harm, pain and suffering, fear and emotional distress.

        **WHEREFORE**, Plaintiff request this Honorable Court enter Judgment against Defendants providing the following relief:

        A.     Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.      Compensatory damages against all defendants to which Plaintiff is entitled;

C.      Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.      An award of interest, costs, and reasonable Attorney fees;

E.      And such other relief as this Honorable Court deems proper and just.

## COUNT X

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

88.     At all relevant times, Defendants were charged with knowledge of the laws as it pertains to investigations regarding whether a crime, violation or infraction  had been committed and what evidentiary support is required to prove said crime, violation or infraction.

89.     Despite knowledge of the foregoing facts and law, Defendants intentionally recklessly and/or maliciously engaged in actions and conduct set forth above.

90.     Defendants' conduct was extreme and outrageous.

91.     As a result of Defendants' extreme and outrageous conduct, Plaintiffs sustained severe emotional distress, as well as damages set forth herein.

**WHEREFORE**, Plaintiff request this Honorable Court enter Judgment against Defendants providing the following relief:

A.     Actual Damages against all defendants in whatever amount above $75,000 that

Plaintiff is entitled;

B.     Compensatory damages against all defendants to which Plaintiff is entitled;

C.     Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.     An award of interest, costs, and reasonable Attorney fees;

E.     And such other relief as this Honorable Court deems proper and just.


Dated:                                      Respectfully Submitted,



JAMES MAKOWSKI Co- Counsel

Attorney for Plaintiff

45863 Tournament Drive

Northville, Michigan 48168

(734) 377-6233

Kama.anaadhi@gmail.com

23

**BLEU CARTER**
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Aug 4, 2024
ACTING IN COUNTY OF

**Tyler Smith, Plaintiff**
2265 Stieber
Westland, MI n48186

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**TYLER SMITH**

      Plaintiff,                  Case No.
                                   Hon.

V.

**STATE OF MICHIGAN, DEPARTMENT OF STATE
POLICE;
CITY OF WESTLAND, a municipal corporation;
WESTLAND POLICE DEPARTMENT;
OFFICER JOHN DOE
OFFICER JOHN DOE
OFFICER JOHN DOE
OFFICER JOHN DOE
OFFICER JOHN DOE
OFFICER JOHN DOE
Individually and in their official capacities
jointly and Severally,**

      Defendants,

James Makowski of Counsel (P62115)
Kama Patel (P62237) Of Counsel
Attorneys for Plaintiffs
Northville, MI 48168
734-377-6233
Kama.anaadhi@gmail.com

## **JURY DEMAND**

**COMES NOW THE** Plaintiff, **TYLER SMITH,** through his attorney, JAMES

MAKOWSKI and hereby demands a trial by jury.

Respectfully Submitted,

JAMES MAKOWSKI  Co-Counsel (P62115)

Attorneys for Plaintiff

45863 Tournament Drive

Northville, Michigan 48168

(734) 377-6233

Kama.anaadhi@gmail.com

**Tyler Smith, Plaintiff**